PS 42
(Rev 07/93)

# United States District Court

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 25 2012

JAMES R LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

United States of America          )
                                  )
vs                                )
                                  )
Stephen Marty Ward                )          Case No. 2:11CR02123-RMP-1

## CONSENT TO MODIFY CONDITIONS OF RELEASE

I, Stephen Marty Ward, have discussed with Sandra P. Bustos, U.S. Pretrial Services Officer acting in behalf of James A. Moon, U.S. Probation Officer, modification of my release as follows:

**Modification of Condition 9:** The Third Party Custodian condition is modified changing the custodian from the defendant's sister to the defendant's brother Ronald Ward, to now read: The defendant is placed with Ronald Ward, and the defendant is required to reside on the property of Ronald Ward, located at ▆▆▆▆▆▆▆▆▆▆, ▆▆▆▆▆▆▆▆▆▆, telephone number ▆▆▆▆▆▆▆▆▆▆. The defendant may reside in a separate residence on that property. Ronald Ward agrees to sign a copy of this order, to be kept in the Pretrial Services' file. He further agrees to supervise the defendant consistent with all the conditions of release; use every effort to assure the appearance of the defendant at all scheduled court proceedings; and notify the court immediately in the event the defendant violates any conditions of release or disappears.

<u>Signature of Third Party Custodian:</u>                                    <u>Date:</u>

**Removal of Condition 10:** This condition requires the defendant to work or seek work. It is being removed because of his disability and his application being made for a disability income.

**Modification of Condition 13:** This travel condition is modified by substituting the Western District of Kentucky for the District of Nevada, now reading: Defendant shall remain in the Eastern District of Washington and/or the Western District of Kentucky while the case is pending. Defendant may travel through other states on his way to and from Washington and the Western District of Kentucky with the permission of the U.S. Probation/Pretrial Services Office. On a showing of necessity, the Defendant may obtain prior written permission to leave these two districts from the U.S. Probation/Pretrial Services Office for other reasons, such as moving his children from their Palmayra, Indiana home to the Whitesville, Kentucky residence or matters related to his prior home in Palmayra, Indiana.

**Modification of Condition 16:** This mental health condition is modified to reflect mental health counseling and/or related medication services will be paid for by the defendant, now reading: Submit to a mental health evaluation and undergo any recommended medical or psychiatric treatment, including medication, as directed by U.S. Probation/Pretrial Services, with those services to be paid for by the defendant.

**Removal of Condition 19:** The substance abuse evaluation condition is no longer needed. This condition is being removed because issues with substance abuse have not presented themselves while on pretrial supervision. The only indication of substance abuse was a statement made by the defendant early in his incarceration that he believed his alcohol use was increasing. The no alcohol and no illegal drugs conditions remain in effect as previously ordered, along with the condition for urinalysis testing, Breathalyzer testing, or other testing if directed by the U.S. Probation/Pretrial Services Office, in order to continue to monitor potential problems in this area.

Stephen Marty Ward
Docket 2:11CR02123-RMP-1
Consent to Modify Conditions of Release
Page 2

**Modification of Condition 23:** Condition 23 is modified by removing the curfew requirement portion of the electronic monitoring condition. The modification still requires the defendant to be on G.P.S. monitoring and only removes the curfew portion of the condition, leaving the nature of the monitoring to the U.S. Probation/Pretrial Services Office. The U.S. Probation/Pretrial Services Office will utilize either home detention or a curfew, depending upon the defendant's adjustment to his new location and compliance with the release conditions. The defendant is responsible for the costs of the electronic monitoring system.

All other conditions of pretrial release previously ordered remain in effect.

The modification of the above conditions is recommended based upon:

The defendant has been under courtesy supervision by the District of Nevada since his release from custody in February 2012. He has requested permission to relocated to the Western District of Kentucky to reside with his brother Ronald Ward, the brother's family and the defendant's children. His brother may put a separate residence on the brother's property for the defendant and the defendant's children to reside at. A U.S. Probation Officer in the Owensboro Office in the Western District of Kentucky, has investigated the plan and found it acceptable provided the conditions noted above are addressed. That U.S. Probation Officer verified mental health treatment services are available in the area the defendant will reside and the defendant's family has reported they will pay for those services. Specific to the electronic monitoring condition, the G.P.S. unit is still recommended over a RF type electronic monitoring unit, in order to monitor the defendant's whereabouts in the community at all times, and for continued monitoring when he returns to this district where the alleged victims are located. Additionally, his criminal history reflects a dismissed charge in Louisville, Kentucky, that stemmed from an alleged threat the defendant made toward a government employee. The G.P.S. unit instead of an RF unit, which only determines when the defendant is at home or not, would also allow the defendant a little more of a home zone should he be at the residence of his brother on the same property.

I consent to this modification of my release conditions and agree to abide by this modification.

_____  5-25-12   _____  5/25/12
Signature of Defendant         Date    Pretrial Services/Probation Officer   Date

I have reviewed the conditions with my client and concur that this modification is appropriate.

_____  5-25-12
Signature of Defense Counsel   Date

I have reviewed the request and do not object to the modification.

_____  5/25/12
Signature of Assistant U.S. Attorney   Date

[X]   The above modification of conditions of release is ordered, to be effective on 5/25/12.

[ ]   The above modification of conditions of release is **not** ordered.

_____  5/25/12
Signature of Judicial Officer   Date