UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MARTIN WARD,<br><br>Defendant. | NO: 2:11-CR-2123-RMP<br><br>ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND MOTION TO APPOINT COUNSEL |

BEFORE THE COURT are Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 527, and his Motion to Appoint Counsel, ECF No. 528. The Court has reviewed the motions, the record, and is fully informed.

At the conclusion of Defendant's jury trial, the jury found Defendant guilty of Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(2). ECF No. 434. On July 31, 2014, the Court imposed a sentence of time-served, with three years of supervised release. ECF No. 468. Defendant timely appealed "each and every part of the Judgment and Sentence . . . ." ECF No. 470. After the Ninth Circuit Court

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION TO APPOINT COUNSEL ~ 1

of Appeals ordered that Defendant be appointed appellate counsel, *see* ECF No. 475, Defendant raised seven different grounds for relief in his appeal (according to his petition), which included: (1) "Insufficient Indictment"; (2) "Constructive Amendment"; (3) "Variance"; (4) "Whether the Indictment is Duplicitous"; (5) "Insufficient Evidence"; (6) "Jury Instructions Containing Misstatements or Errors"; and (7) "Claims that Criminal Statute is Unconstitutional." ECF No. 527 at 2.

The Ninth Circuit Court of Appeals affirmed this Court. *See* ECF No. 523. Defendant filed a petition for certiorari with the United States Supreme Court that was denied. *See id*. Defendant now raises a petition pursuant to 28 U.S.C. § 2255. ECF No. 527.

In relevant part, 28 U.S.C. § 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Defendant has not completed his term of supervised release; therefore, he is still "in custody" for the purpose of this petition and the Court has jurisdiction to consider his claims. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002); *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION TO APPOINT COUNSEL ~ 2

Defendant raises eleven bases for his present petition: (1) "Ineffective Counsel, FAA and DoD Definition of Maintenance and Operation"; (2) "Ineffective Counsel, Did Not Cite Precedent in U.S. V. O'Keefe [sic]"; (3) "The Court Exceeded Jurisdiction of the U.S. Patent Office"; (4) "The Court exceeded Jurisdiction of FAA, NTSB, & Congress"; (5) "The Court Changed Indictment Terms, Maintenance & Operation"; (6) "Violation of Due Process, No Operation Procedures Presented"; (7) "Violation of Due Process, No Maintenance Procedures Presented"; (8) "The Court Did Not Address & Decide An Issue Raised In Motion"; (9) "Government Withheld Electronically Stored Information (ESI)"; (10) "Spoliation by Destruction of Telephone Recorded Evidence"; and (11) "Prosecutor Misconduct, False Testimony & Evidence in Court." ECF No. 527 at 13.

Having thoroughly reviewed Defendant's petition, the Court finds no basis to grant the relief he seeks. The Court may resolve Defendant's motion without requiring a response from the United States Attorney and without a hearing, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *See* 28 U.S.C. § 2255(b). Defendant is essentially attempting to relitigate his trial and relies heavily on arguments that have been addressed at trial and on appeal, although he reframes some of his previous arguments now in Constitutional terms such as ineffective assistance of counsel and denial of due process. However, Defendant argues the substance of his claims

rather than presenting any persuasive evidence or arguments regarding whether his conviction violated his rights under the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentence that he received, or that the sentence was in excess of the maximum authorized by law. *See* 28 U.S.C. § 2255.

The Court finds that the Government provided sufficient evidence to prove that Defendant had violated 18 U.S.C. § 1832(a)(2) as charged in the Indictment, ECF No. 3. The Court ordered a Bill of Particulars, ECF No. 157, instructed the Government regarding the sufficiency of its Bill of Particulars, *see* ECF No. 175, and the jury found five separate "trade secrets" to support the conviction, *see* ECF No. 434. One trade secret would have been sufficient to support Defendant's conviction for theft of a trade secret, but the jury found five. *Id*. Defendant's arguments fail to vitiate the validity of his trial and conviction; he was afforded adequate representation and due process of law.

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c). The Court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION TO APPOINT COUNSEL ~ 4

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 [] (2000). The Court has no basis to find that any reasonable jurist would resolve Defendant's claims differently. Therefore, the Court has no basis to issue a certificate of appealability.

**Motion to Appoint Counsel**

Defendant was adequately represented during his jury trial and had legal counsel on appeal. Defendant fails to provide any basis to relitigate his arguments and no basis to appoint counsel for the purpose of further attacking his valid conviction and sentence or to seek a new trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 527**, is **DENIED**.

2. Defendant's Motion to Appoint Counsel, **ECF No. 528**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Defendant.

**DATED** March 1, 2017.

                                     *s/ Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
                                      United States District Judge